IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| **DONNA KAYE WARD,** | § | CIVIL ACTION NO. _____ |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| **STEFAN ROBERT LITKE,** | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

COMES NOW, DONNA KAYE WARD, hereinafter referred to as "Plaintiff" and files this Original Complaint complaining of STEFAN ROBERT LITKE, hereinafter referred to as "Defendant," and states the following:

### A. Parties

2. Plaintiff DONNA KAYE WARD is a resident and citizen of Collin County, Texas residing at 3114 Melrose Drive McKinney, Texas 75070. The last three digits of Plaintiff's driver's license number are 116 and the last three digits of her social security number are 521.

3. Defendant STEFAN ROBERT LITKE is a resident and citizen of Roanoke County, and can be served with process at his last known residence, 1319 Deer Run Drive, Vinton, Virginia 24179.

### B. Jurisdiction

4. The court has jurisdiction over this cause because the amount in controversy exceeds this court's minimum jurisdictional requirements.

### C. Venue

5. Venue is proper in the Eastern District of Texas, Sherman Division because all or a substantial part of the events leading to this cause occurred in Sherman, Grayson County, Texas.

### D. Facts

6. On or about July 21, 2021, at approximately 9:49 p.m., Plaintiff DONNA KAYE WARD was properly belted and operating her 1997 Jeep Wrangler northbound on US Highway 75 in Sherman, Grayson County, Texas.

7. At the same time, Defendant STEFAN ROBERT LITKE was driving his 2014 Volvo 18-wheeler truck and was also northbound on US Highway 75 in Sherman, Grayson County, Texas. Defendant STEFAN ROBERT LITKE was operating his vehicle under the influence of an intoxicating substance and was traveling directly behind Plaintiff's vehicle when he suddenly and unexpectedly crashed into the rear of Plaintiff's vehicle. Defendant STEFAN ROBERT LITKE then attempted to flee the scene of the crash. Approximately three miles down the road, Plaintiff found Defendant stopped at the side of the highway stopping only after Defendant hit another 18-wheeler vehicle. He was arrested at the second crash scene for driving while intoxicated-2nd.

8. Plaintiff suffered serious injuries and damages, which were proximately caused by Defendant's negligence.

### E. Causes of Action Against Defendant STEFAN ROBERT LITKE
### Negligence and Negligence Per Se

9. On the occasion in question, Defendant STEFAN ROBERT LITKE was negligent in operating his vehicle in a manner that violated the duty to which he owed Plaintiff to exercise ordinary care in one or more of the following particulars:

    (a) Driving while intoxicated;

(b) Failure to control the speed of his vehicle;

(c) Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

(d) Failure to maintain proper attention to the roadway and give heed to his surroundings as a person of ordinary prudence would have kept under the same or similar circumstances;

(e) Failure to maintain proper control of his vehicle;

(f) Failure to timely apply the brakes on his vehicle to avoid the collision;

(g) Failure to have the required knowledge and skills necessary to operate a CMV safely in violation of FEDERAL MOTOR CARRIER SAFETY REGULATION §383.110.

(h) Failure to have the required knowledge of the 20 general areas: (1) safe operations regulations. (v) the effects of alcohol and drug use upon safe commercial motor vehicle operations in violation of FEDERAL MOTOR CARRIER SAFETY REGULATION §383.111 (1) (v).

(i) Failure to have the required pre-trip inspection skills in violation of FEDERAL MOTOR CARRIER SAFETY REGULATION §383.113.

(j) Reporting for duty or remaining on duty requiring the performance of safety-sensitive functions while having an alcoholic concentration of 0.04 or greater in violation of FEDERAL MOTOR CARRIER SAFETY REGULATION §382.201.

(k) Reporting for duty or remaining on duty requiring the performance of safety-sensitive functions while using alcohol. Failure by the employer having actual knowledge that a driver is using alcohol and permitting a driver to perform or continue to perform safety-

sensitive functions in violation of FEDERAL MOTOR CARRIER SAFETY REGULATION **§382.205.**

(l)   Performing safety-sensitive functions within for hours after using alcohol. Failure by the employer having actual knowledge that a driver used alcohol within four hours and permitting a driver to perform or continue to perform safety-sensitive functions in violation of FEDERAL MOTOR CARRIER SAFETY REGULATION **§382.207.**

(m)   Failing to test a surviving driver as soon as practicable following an occurrence involving a commercial motor vehicle operating on a public road in commerce who receives a citation within 8 hours of the occurrence if the accident involved bodily injury to any person in violation of FEDERAL MOTOR CARRIER SAFETY REGULATION **§382.303 (a).**

(n)   Operating his vehicle with willful or wanton disregard for the safety of other persons, which disregard was the result of conscious indifference to the rights, welfare and safety of those persons affected by it.

(o)   Failure to exercise that degree of ordinary care which a reasonable prudent person would have exercised in the same or similar circumstances;

(p)   Failure to sound his horn as a warning;

(q)   Duty to operate the motor vehicle at speed that is reasonable and prudent under the circumstances and with regard to actual and potential hazards then existing and at a speed necessary to avoid colliding with any vehicle. and/or

(r)   Failure to maintain an assured clear distance between two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object or person on or near the highway.

10. Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence or negligence per se by Defendant STEFAN ROBERT LITKE and proximately caused the occurrence in question and the serious and permanent injuries to Plaintiff for which Plaintiff is entitled to recover damages as hereinafter set forth.

### Gross Negligence

11. Plaintiff alleges that Defendant's conduct, as described above and as will be more developed at trial, constitutes gross negligence as defined by Federal law. The Defendant's conduct, when viewed objectively from the Defendant's standpoint, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and the Defendant's actual, subjective awareness of the risk involved, but nevertheless proceeded with a conscious indifference to the rights, safety and welfare of others, including Plaintiff. The Defendant's gross negligence was a proximate cause of the occurrence made the basis of this action and all of Plaintiff's resulting injuries and damages.

### F. Damages

12. As a result of the above described acts of Defendant, Plaintiff has been severely and permanently damaged. Accordingly, Plaintiff is entitled to recover against Defendants for all such applicable damages under Federal law.

13. Plaintiff is entitled to recover the following items of damages, which are in an amount in excess of the minimal jurisdictional limits of this Court.

>   (a) **Past and future medical expenses**: Plaintiff has paid and/or incurred in reasonable and necessary health care and medical expenses that were caused by the incident in the past and will, in reasonable probability, sustain the same in the future;

(b) **Past and future physical pain:** Plaintiff has sustained physical pain in the past and, in reasonable probability, will continue to sustain physical pain in the future;

(c) **Past and future mental anguish**: Plaintiff has endured mental anguish in the past and will, in reasonable probability, endure mental anguish in the future;

(d) **Past and future physical impairment/loss of enjoyment of life**: Plaintiff has sustained physical impairment in the past and, in reasonable probability, will continue to sustain physical impairment in the future;

(e) **Past and future lost wages/loss of earning capacity:** Plaintiff has suffered a loss of earnings and/or sustained a loss of earning capacity in the past and will, in reasonable probability, sustain the same in the future; and

(f) **Exemplary/Punitive damages:** The jury should be allowed to assess exemplary damages against Defendant for Defendant's grossly negligent conduct as an example to others and as a penalty or by way of punishment, considering the nature of the wrong, the situation and sensibilities of the parties concerned, the extent to which such conduct offends a public sense of justice and propriety, and Defendant's net worth.

### Statement of Sum Certain Monetary Relief Sought

Plaintiff seeks sum certain monetary relief in the category of damages for **$598,839.97** and demands judgment for all other relief to which she deems herself is entitled.

### G. Jury Demand

14. Plaintiff requests that this case be tried to a jury and have tendered the appropriate jury fee with the filing of this Petition.

## H. Prayer

15. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests judgment of the Court awarding the following, all in amounts in excess of the jurisdictional minimums of this Court:

    a.    Actual damages;

    b.    Pre- and Post-Judgment interest;

    c.    Costs of suit; and

    d.    All other relief to which Plaintiff may show herself entitled.

**DESIGNATED E-SERVICE E-MAIL ADDRESS**

The following is the undersigned attorney's designated e-service e-mail address for all e-served documents and notices, filed and unfiled: legal@mytexasfirm.com. This is the undersigned's only e-service e-mail address, and service through any other e-mail address will be considered invalid.

Respectfully submitted,

**JASON K. BURRESS**
State Bar No. 24036292
**KYLE H. DREYER**
State Bar No. 06119500
**KYLE R. HEJL**
State Bar No. 24035578
**BRIAN L. MINCHER**
State Bar No. 24052669
**JOSH A. FLIPPIN**
State Bar No. 24084429
**GRIFFIN J. SCHEUMACK**
State Bar No. 24097168
legal@mytexasfirm.com
BURRESS LAW, PLLC
6617 Virginia Parkway
McKinney, Texas 75071
Tel: (214) 726-0016
Fax: (214) 865-7336
**ATTORNEYS FOR PLAINTIFF**